**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

**In Re: HASSAN NAVABI & YULIA MENDYUK**          Case No. 10-16795

    **Debtor**          Chapter 11

*******************************************************************************

**HASSAN NAVABI & YULIA MENDYUCK**

    Plaintiffs                              Adv. Proc. _____

    v.                                      COMPLAINT

**BANK OF AMERICA, N.A.**

    Defendant

    And

**BAC Home Loan Servicing, LP**

    Defendant

---

**COMPLAINT TO AVOID LIEN OF BANK OF AMERICA, N.A. AND/OR
BAC HOME LOAN SERVICING L.P.**

Debtors Hassan Navabi and Yulia Mendyuk, by and through the undersigned counsel, hereby file this Complaint against Bank of America, N.A. and BAC Home Loan Servicing, LP, to avoid the lien held by Bank of America, N.A. and/or BAC Home Loan Servicing, LP, against the real property known as and located at Wood Duck Court, Woodbridge, Virginia. In support of this Complaint, the Plaintiffs state the following:

**<u>INTRODUCTION</u>**

1.    This is an action to determine the priority, extent and validity of a lien of Bank of America, N.A. and BAC Home Loan Servicing, LP (collectively "Defendants") pursuant to 28

1

U.S.C. Section 157 to avoid the lien in certain real property, avoid a lien of the Defendant pursuant to 11 U.S.C. Section 506, and to object to the Proof of Claim form filed by the Defendant.

2. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, and Section 157 of Title 28 of the United States Code.

3. This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding, then and in that event the Plaintiffs consent to the entry of a final order by the Bankruptcy Judge.

4. Venue lies in this District pursuant to § 1391(b) of Title 28 of the United States Code.

## PARTIES

5. The Plaintiffs in this case are the debtors under Chapter 11 of Title 11 of the United States Code in case number 10-16795, which is presently pending before this Court.

6. The Defendants in this case are Bank of America, N.A. and BAC Home Loan Servicing, LP.

## FACTS COMMON TO ALL COUNTS

7. The Debtor commenced the above-captioned case on August 12, 2010 (the "Case").

8. The Debtors are the owners of the real property known as and located at 1601 Wood Duck Court, Woodbridge, Virginia 22191 (the "Property").

9. The current fair market value of the Property is $340,000. *See* **Exhibit 1**,

Appraisal attached to this Complaint and incorporated by reference.

10. In connection with the Property, there are two deeds of trust encumbering the Property.

11. On or about July 29, 2005, the Plaintiffs incurred a loan in connection with the Property, which resulted in a promissory note and first deed of trust mortgage having an original principal balance of approximately $524,000 (the "First Mortgage").

12. The Original First Mortgage is held currently by BAC Home Loans Servicing, LP or EMC Mortgage Corporation.

13. Neither BAC Home Loan Servicing, LP or EMC Mortgage Corporation have filed a proof of claim in connection with the First Mortgage.

14. Upon information and belief, the total principal balance on the First Mortgage is $524,000.

15. The First Mortgage has seniority over all other secured claims in connection with the Property.

16. On or about March 13, 2006, the Plaintiffs incurred a second mortgage, for which both Plaintiffs granted a deed of trust as consideration for the second mortgage.

17. The deed of trust encumbering the Property in connection with this second mortgage is currently held by Bank of America, N.A. or BAC Home Loans Servicing, LP, a successor in interest to Bank of America, N.A. (such deed of trust being the "Second Mortgage").

18. On September 15, 2010, the Defendant filed a proof of claim ("Second Mortgage Claim") for the Second Mortgage.

19. The Second Mortgage Claim claims a principal balance of $205,590.53 for the

Second Mortgage Claim.

20. The Second Mortgage that will be avoided is attached hereto and incorporated herein by reference as **Exhibit 2**.

21. After accounting for the total balance owed in connection with the First Mortgage there is no equity left to secure any portion of the amounts due in connection with the Second Mortgage and Second Mortgage Claim.

22. Pursuant to 11 U.S.C. Section 506(a) and (d) and 11 U.S.C. Section 1123(b)(5), the Court may modify the rights of the Defendant in the Property pursuant to the Debtor's Chapter 11 plan in connection with the Second Mortgage.

23. Pursuant to 28 U.S.C. § 2201, et seq., such relief referenced in paragraph 22 above may be effective upon entry of a judgment in this adversary proceeding.

### COUNT ONE: AVOIDANCE OF LIEN IN CONNECTION WITH THE SECOND MORTGAGE

24. The allegations contained the paragraphs 1 through 23 are incorporated herein by reference as if set forth fully herein.

25. Based on the facts listed above, the Second Mortgage attaches to none of the equity in the Property.

26. Accordingly, Pursuant to 11 U.S.C. Section 506, the Second Mortgage is not secured by the Property.

27. Therefore, this Court should:

   a. AVOID the liens in favor of the Defendant created by the Second Mortgage;

   b. DECLARE that any claim of the Defendant in connection with the Second Mortgage are and be deemed wholly unsecured; and

   c. DECLARE that any relief granted to the Plaintiffs in this case is effective upon

entry of the judgment in the favor of the Plaintiffs in this case.

Based upon the foregoing the Court should enter an order:

A.  Avoiding the Second Mortgage and the Second Mortgage Claim in connection with the Property;

B.  Declare that the claims of the Defendant in connection with the Second Mortgage and Second Mortgage Claim are and be deemed wholly unsecured;

C.  Declare that the any claims of the Defendant in connection with Second Mortgage and Second Mortgage Claim be treated as an unsecured claim under the Debtor's plan;

D.  Declare that the avoidance of the Second Mortgage Claim is effective upon the entry of the judgment in favor of the Plaintiffs in this adversary proceeding; and

E.  Order such other and further relief as this Court deems just and equitable.

Date: April 1, 2011

Respectfully submitted,

*/s/ Michael G. Dana, Esquire*
Michael G. Dana, Bar No. 72106
The Fried Law Firm, P.A.
4550 Montgomery Avenue, Suite 710
Bethesda, Maryland 20814
301-656-8525
Mdana@friedlaw.com